

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 852 | **DATE** | 8/10/2004 |
| **CASE TITLE** | Brown vs. American Federation of State, County and Municipal Employees Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment is granted. Enter Memorandum Opinion and Order. Jury trial set for 9/20/04 is vacated.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | AUG 11 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | GMA | 93 |
| X | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | courtroom | 2004 AUG 11 AM 7:24 | date mailed notice | |
| | MF | deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE W. BROWN, JR., | ) | |
| | ) | **DOCKETED** |
| Plaintiff, | ) | |
| | ) | AUG 1 1 2004 |
| v. | ) No: 02 C 852 | |
| | ) | |
| AMERICAN FEDERATION OF STATE, | ) Judge John W. Darrah | |
| COUNTY AND MUNICIPAL EMPLOYEES | ) | |
| UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eugene W. Brown, Jr., filed suit against Defendant, the American Federation of State, County, and Municipal Employees Union. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of his gender, in violation of Title VII, by not properly acting on grievances filed by Plaintiff. Plaintiff also alleges that Defendant retaliated against Plaintiff, in violation of Title VII, after Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Presently before the Court is Defendant's Motion for Summary Judgment. For the following reasons, that motion is granted.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although

the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

Plaintiff's response to Defendant's motion for summary judgment of Rule 56.1(a) Statement of Facts is deficient in many respects; it contains improper denials, evasive factual arguments which are often unresponsive to Defendant's corresponding statement of fact, and often lacks proper citation to evidence in the record. These failures prevent a determination of which facts are actually in controversy. Because Plaintiff is proceeding *pro se*, Defendant, in accordance with Local Rule 56.2, advised Plaintiff of his obligations under Local Rule 56.1.

Plaintiff's failure to comply with Rule 56.1(b) results in accepting as true all facts set out in a Rule 56.1(a) statement. *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527-28 (7th Cir. 2000). Plaintiff also failed to file his own statement of material facts that are in dispute.

Even though Plaintiff failed to properly respond to Defendant's statement of material facts, which are therefore deemed admitted, Defendant's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Accordingly, the undisputed facts, for the purposes of this motion, taken from Defendant's Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Def.'s 56.1") and exhibits, are as follows.

Plaintiff is a male who was employed by the Illinois Department of Public Aid until he was terminated on September 12, 2001. Def.'s 56.1 ¶¶ 3-4. Plaintiff was a member of Defendant, a labor organization that represents and collectively bargains for its members, until his termination. Def.'s 56.1 ¶¶ 5-10.

Plaintiff filed a number of grievances against the Department relating to: (1) harassment he allegedly suffered, (2) the alleged denial of sick leave benefits, (3) obtaining a copy of his personnel file, (4) the alleged failure to handle one of his grievances properly, (5) retaliation by his supervisor, (6) suspensions Plaintiff received, and (7) Plaintiff's use of Department stationery for matters not related to the Department. Def.'s 56.1 ¶¶ 31-33, 35-40. Plaintiff also filed a grievance regarding an oral reprimand he received for tardiness; eventually, this grievance was

3

granted, and the reprimand was removed from Plaintiff's file. Def.'s 56.1 ¶ 34; Def.'s Ex. D, Pl.'s Dep. Ex. 15. Plaintiff, though, felt these grievances were not properly handled and were not advanced to the proper levels because he was a male. Def.'s 56.1 ¶¶ 14-15.

Plaintiff only knows of three female employees on whose behalf the Union filed grievances and whose grievances were resolved. Def.'s 56.1 ¶ 68. These three females are the only evidence of female employees' grievances which Plaintiff believes were treated differently than his grievances. Def.'s 56.1 ¶ 72.

One female filed a grievance challenging a written reprimand she received for excessive tardiness. Def.'s 56.1 ¶ 69; Def.'s Ex. C, Pl.'s Dep. at 75-76; Def.'s Ex. D, Pl.'s Dep. Ex. 20. This grievance was eventually resolved in favor of the female, and the reprimand was removed from the female's file. Def.'s 56.1 ¶ 69; Def.'s Ex. C, Pl.'s Dep. at 77; Def.'s Ex. D, Pl.'s Dep. Ex. 20. The second female filed a grievance concerning a safety hazard. Def.'s 56.1 ¶ 70. Plaintiff is unaware of the third female's basis for filing her grievances. Def.'s 56.1 ¶ 71.

Before Plaintiff was terminated from his employment with the Department, he was placed on administrative leave. Def.'s 56.1 ¶ 48. Subsequently, Plaintiff filed a charge of discrimination against Defendant with the EEOC, alleging that Defendant has not properly acted upon his grievances. Def.'s 56.1 ¶¶ 11-12. Shortly thereafter, Plaintiff was terminated from his position with the Department because, for among other reasons, Plaintiff had physically harassed other employees. Def.'s 56.1 ¶ 49.

Defendant then filed a "priority" grievance against the Department on Plaintiff's behalf. Def.'s 56.1 ¶ 51. This grievance was denied. Def.'s 56.1 ¶ 61. After representing Plaintiff through the initial stages of his grievance, a representative of Defendant chose not to advance

Plaintiff's grievance to a higher stage because Defendant had consistently lost past discharge claims involving charges of physical harassment. Def.'s 56.1 ¶¶ 51, 52, 54-60, 62-64. At no time during this grievance process did the representative of Defendant know that Plaintiff filed a charge with the EEOC against Defendant. Def.'s 56.1 ¶¶ 82-84.

## ANALYSIS

Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of his gender, in violation of Title VII, by not properly acting on grievances filed by Plaintiff. Plaintiff also alleges that Defendant retaliated against Plaintiff, in violation of Title VII, after Plaintiff filed a complaint with the EEOC against Defendant.

To establish a *prima facie* violation of Title VII against a union, Plaintiff must demonstrate that: (1) the union committed a breach of the collective bargaining agreement with respect to Plaintiff; (2) the union allowed the breach to go unrepaired and thus violated its duty of fair representation; and (3) "there was some indication that the [u]nion's activities were motivated by [gender-based or retaliatory-based] animus." *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 542 (7th Cir. 1987) (*Johnson*); *accord Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866-67 (7th Cir. 1997).

To demonstrate the union's activities were motivated by the required animus, Plaintiff must show that grievances from similarly situated female union members were treated more favorably than his grievance. *Johnson*, 826 F.2d at 542. Plaintiff may also show the union's activities were motivated by the required animus by offering oral or written statements made by union representatives reflecting a racial-based or gender-based animus.

5

Here, Plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether grievances from similarly situated female union members were treated more favorably than his grievance. As discussed above, Plaintiff has only identified three females who he alleges had grievances that were treated more favorably than his grievance. It is undisputed that two of these females are not similarly situated to Plaintiff; one female's grievance dealt with a safety hazard, and Plaintiff is unaware of the basis for another female's grievance.

The third female who filed a grievance, relating to her reprimand for tardiness, is similarly situated to Plaintiff. However, as a result of the grievance procedure, both Plaintiff and this female received similar results with respect to the reprimands they received for tardiness – both Plaintiff and this female had their reprimands removed from their respective personnel files.

Accordingly, no genuine issue of material fact exists as to whether this female's tardiness-related grievance was treated more favorably than Plaintiff's tardiness-related grievance.

Plaintiff contends that Defendant retaliated against Plaintiff after Plaintiff filed a complaint with the EEOC against Defendant. To support a claim for retaliation, a plaintiff must show a causal connection between the filing of an EEOC charge and the alleged discriminatory conduct. *See Contreras v. Suncast Corp.*, 237 F.3d 756, 765 (7th Cir. 2001). This link can be proved by showing that the person who committed the allegedly discriminatory conduct was aware of the EEOC charge at the time the allegedly discriminatory conduct occurred. *See Maarouf v. Walker Mfg. Co.*, 210 F.3d 750, 755 (7th Cir. 2000).

In this case, it is undisputed that Defendant's representative was unaware that Plaintiff filed an EEOC charge against Defendant. It is also undisputed that Defendant decided not to

pursue Plaintiff's grievance because Defendant had consistently lost past discharge claims involving charges of physical harassment. Plaintiff has not presented any affidavits, depositions, answers to interrogatories, or admissions to the contrary. Therefore, no genuine issue of material fact exists demonstrating Defendant's actions with regard to Plaintiff were motivated by a retaliatory-based animus.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is granted.

Dated: August 10, 2004

JOHN W. DARRAH
United States District Judge